STATE EX REL. McMILLAN *v.* RAMSEY.

[Argued November 20, 1891. Decided November 30, 1891.]

MILEAGE— *Witnesses.* —The fact that the route usually traveled between the town of a witness' residence and the county seat is inconvenient and unpleasant, as being without railroad facilities for seventy-three miles thereof, does not entitle such witness to receive the excess of mileage occasioned by traveling the entire distance by rail on a much further route, as under section 1082, fifth division of the Compiled Statutes, relating to the mileage of witnesses in criminal matters, the statement of a witness as to the distance traveled cannot be held binding upon the district clerk, but he is empowered to issue his certificate for the mileage of the witness determined by the route usually traveled, although the county commissioners may not have exercised the authority conferred upon them by said statute in establishing a table of distances.

*Appeal from Seventh Judicial District, Dawson County.*

Application for a writ of mandate. The writ was denied by MILBURN, J.

*McConnell & Clayberg, O. W. McConnell,* and *M. S. Gunn,* for Appellant.

*Henri J. Haskell,* Attorney-General, and *Thomas C. Holmes,* County Attorney, for Respondent.

BLAKE, C. J.— McMillan applied to the court below for a writ of mandate to command its clerk to issue a certificate of his mileage as a witness in accordance with his affidavit. It is shown by the record that the appellant was a resident, in February, 1891, of the town of Glasgow, in the county of Dawson, in this State; that he was subpœnaed to appear before the grand jury of said county at Glendive, the county seat, as a witness; that he traveled from Glasgow over the line of the Great Northern Railroad to Helena, and thence over the Northern Pacific Railroad to Glendive, a distance of 834 miles; that there was no direct railroad transportation between the said towns; that the most direct means of travel was by railroad from Glasgow to Buford, a distance of 138 miles, and thence, by some vehicle drawn by horses, a distance of 73 miles; that the latter route was inconvenient and unpleasant; that "McMillan, on the ninth day of February, 1891, made his affidavit of attendance, and of the distance necessarily traveled

as such witness, and filed the same with the clerk of said court,. whereupon he requested of said clerk a certificate showing the distance as aforesaid traveled, and the amount to which said witness was entitled for necessary travel, as provided by law, which the said clerk then and there refused to issue, and refused to allow the said witness for any further or greater distance traveled than 422 miles, which certificate the said witness, McMillan, refused to accept, on the ground that he claims to be entitled to mileage for the round trip by way of Helena, as set out in his affidavit, for the distance of 1,668 miles, amounting in the aggregate to $250."

The petition was denied by the court, and McMillan appealed. The decision of the legal questions involved in this proceeding depends upon the construction of the following statutes: " Witnesses in criminal cases before the grand . . . . jury . . . . shall be paid in the manner following: The county commissioners of each of the several counties shall furnish to the clerk of the District Court a printed book of stubs, for affidavit of mileage and time of service of . . . . witnesses, with blank certificate attached bearing a number corresponding to the stub in which to fill out the name of such . . . . witness, nature of service, and amount due therefor." (Comp. Stats. div. 5, § 1081.) "Upon application of any such . . . . witness in attendance upon the District Court to the clerk of said court, for payment as . . . . witness . . . . the clerk shall fill out said affidavit stub, giving the number of miles traveled by said applicant, naming the starting point, the number of days service, with the sums due for each, and the total amount due for such mileage and service, which shall be sworn to by said applicant, his certificate corresponding in number to the affidavit stub, and addressed to the county clerk, setting forth the name of the . . . . witness, the number of miles traveled, with the sum due therefor, and the nature and number of days service, with the sum due therefor, and the total amount, which certificate shall be signed by said clerk; *provided,* that if the county commissioners of any county have established a table of distances between the several points of the county and the county seat, the county clerk shall furnish to the clerk of the District Court said official table of distances, and the certificate of mile-

age of . . . . witnesses shall not exceed the distance established by said table of distances." (Comp. Stats. div. 5, § 1082.) The county commissioners have not exercised this power.

The affidavit of the relator is that he "necessarily traveled" 1,668 miles via Helena. There was at the times referred to a "regular stage line," which carried the United States mail from said Buford to Glendive. We are satisfied that the statement of the witness concerning the facts mentioned in the statute is not binding upon the clerk of the District Court, and that the respondent is empowered to insert in the affidavit stub the number of miles within the county for which the appellant is entitled to receive compensation. This authority can be limited by the board of county commissioners, which has the power to establish a table of distances, and the subject has not been left to the decision of the witness in any contingency. The respondent, in the discharge of his duties, was required to issue a certificate to McMillan showing the number of miles between Glasgow and Glendive by the usual route, and the excess, within the meaning of the statute, was not "necessarily traveled" by the witness.

It is therefore ordered and adjudged that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.